# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUAN ALATORRE,<br><br>    Defendant. | 8:15CR318<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's correspondence, filed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 72.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Defendant Juan Alatorre pled guilty to Count One of the Indictment (Felon in Possession of a Firearm) and was sentenced to a term of 37 months incarceration, to be followed by three years of supervised release. Judgment was entered on October 24, 2016. His conviction and sentence were affirmed by the U.S. Court of Appeals for the Eighth Circuit on July 12, 2017.

In his correspondence, filed as a § 2255 Motion, Alatorre seeks to have his federal sentence run concurrently with two sentences imposed by the District Court of Douglas County, Nebraska, on May 8, 2017. He notes that he received a sentence of 8 to 10 years for the offense of Assault in the Second Degree and a sentence of 8 to 10 years for the offense of Use of a Weapon (Not Firearm) to Commit a Felony, ordered by the Douglas County District Court to run consecutive to each other. The record shows that Alatorre was in state custody pending disposition of the Douglas County charges at the time of the Indictment and throughout all proceedings in this case, and he has remained in state custody since November 26, 2014.

This Court could not cause the Defendant's federal sentence to run concurrently with his state court sentences at the time of his federal sentencing, because the state court sentences had not yet been imposed. While it may have been possible for this Court to designate state correctional facilities as Alatorre's place of confinement for purposes of his federal sentence, pending disposition of the state charges and completion of any state court sentences, no such order was issued, nor does this Court surmise that such a designation would have been advisable. The state court sentencing judge was privy to the information regarding Alatorre's federal sentence when imposing the state-court sentences, and it can be inferred that the judge took the federal sentence into consideration when deciding the appropriate state-court sentences to impose. This Court is not at liberty to alter the sentence imposed in this case, nor to alter the state court sentences.

Accordingly,

IT IS ORDERED:

1. The Defendant's correspondence, construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 72, is denied;

2. A separate Judgment will be entered, denying the § 2255 Motion; and

3. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 19th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge